IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS LEE LACY, JR., #242119, | ) | |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 2:20-CV-295-RAH-WC |
| | ) | |
| ALABAMA D.O.C. MEDICAL STAFF, | ) | |
| | ) | |
|    Defendant. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Thomas Lee Lacy, Jr., an indigent state inmate, initiated this 42 U.S.C. § 1983 action on May 1, 2020. After reviewing the complaint, the court deemed it necessary that Lacy file an amendment since the complaint "names only the 'Alabama D.O.C. Medical Staff' as a defendant" and "'[a]s a general matter, fictitious-party pleading is not permitted in federal court.' *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) . Moreover, the description of the defendant is not merely 'surplusage' so as to meet the 'limited exception to this rule.' *Id*." Doc. 4 at 1. Based on the foregoing, the court found that "the complaint cannot proceed on the plaintiff's claims against the fictitious parties[,]" and provided Lacy an opportunity to file an amendment to the complaint correcting the deficiencies identified in the order. Doc. 4 at 2. The court advised Lacy that in filing the amendment he must "[p]rovide[] the names of the ***individual members of the medical staff*** who were personally responsible for the medical treatment about which he complains" and "[s]pecifically describe[] how each defendant named in the amendment to the complaint deprived him of his constitutional rights." Doc. 4 at 2 (emphasis in original). The order advised Lacy that

"upon receipt of the amendment to the complaint, . . . ***this case will henceforth proceed only against the individual defendants properly named in the amendment and the specific claims set forth against them.***" Doc. 4 at 2 (emphasis in original). Finally, the order cautioned Lacy "that if he fails to comply with the directives of this order the Magistrate Judge will recommend that this case be dismissed." Doc. 4 at 4.

As of the present date, Lacy has failed to file an amendment to the complaint in compliance with the order of this court. In light of Lacy's failure to file the requisite amendment, the court concludes that this case should be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file an amended complaint in compliance with court's prior order directing such action and warning of consequences for failure to comply); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, as a general rule where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion). The authority of courts to impose sanctions for failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers the courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (holding that a "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*.

For the above stated reasons, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice for the plaintiff's failure to file an amendment to the complaint as ordered by this court.

On or before **July 7, 2020**, the plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which he objects. Frivolous, conclusive or general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11TH Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) ("When the magistrate provides such notice and a party still fails to object to the findings of fact and those findings are adopted by the district court the party may not challenge them on appeal in the absence of plain error or manifest injustice."); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 23rd day of June, 2020.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
CHIEF UNITED STATES MAGISTRATE JUDGE